IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

IRA EARL SIMS, JR.,                )
                                   )
            Plaintiff,             )
                                   )
                                   ) Case No. CIV-19-366-JFH-KEW
                                   )
COMMISSIONER OF THE SOCIAL         )
SECURITY ADMINISTRATION,           )
                                   )
            Defendant.             )

### REPORT AND RECOMMENDATION

Plaintiff Ira Earl Sims, Jr. (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that he was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 49 years old at the time of the decision. He has a high school education and worked in the past as a welder helper, sandwich maker, cashier II, automobile body painter, and restaurant manager trainee. Claimant alleges an inability to work beginning on December 1, 2014, due to limitations resulting from a combination of physical and mental impairments.

## Procedural History

On March 29, 2016, Claimant protectively filed an application for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On September 5, 2018, ALJ Deirdre O. Dexter

conducted an administrative hearing from Tulsa, Oklahoma, at which Claimant was present and participated. On October 18, 2018, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on August 28, 2019, it denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with additional limitations.

## Errors Alleged for Review

Claimant asserts the ALJ failed to properly evaluate the opinion of gastroenterologist, William Briggs, M.D.

## Evaluation of Opinion Evidence

In her decision, the ALJ found Claimant suffered from severe impairments of cirrhosis of the liver, non-alcoholic steatohepatitis (NASH), obesity, depression, post-traumatic stress disorder (PTSD), anxiety disorder, diabetes mellitus, and hypertension. (Tr. 23-24). She determined Claimant could perform sedentary work, with additional limitations. Claimant could lift, carry, push, or pull up to ten pounds frequently and twenty pounds

occasionally. He could sit up to six hours in an eight-hour workday and stand and/or walk up to three hours in an eight-hour workday. Claimant could occasionally climb ramps or stairs, balance, or stoop. He could never climb ladders, ropes, or scaffolds, kneel, crouch, or crawl. Claimant could perform simple, routine, and repetitive tasks, interact with supervisors as needed to receive work instructions, work in proximity to co-workers but should have no more than occasional direct work interaction with them, and never interact with the general public. (Tr. 26).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of document preparer, touch up screener, and semiconductor bonder, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 34-35). As a result, the ALJ concluded Claimant was not under a disability from December 1, 2014, through the date of the decision. (Tr. 35).

Claimant contends the ALJ's analysis of Dr. Briggs' opinions was based on "flawed reasoning" and failed to adequately address the evidence pertaining to the relevant factors for evaluating medical opinions. Claimant was referred to Dr. Briggs by his primary care physician in August of 2015 for elevated liver enzymes. He had no history of liver disease or alcohol abuse. In addition to elevated liver enzymes, Claimant had active diabetes mellitus, hyperlipidemia, and hypertension. Upon examination, Dr.

Briggs noted Claimant was not feeling poorly but had recent weight loss. Claimant denied localized joint pain or stiffness, anxiety, or sleep disturbance. (Tr. 27, 293-96). At Dr. Briggs' request, Claimant underwent a liver biopsy, which showed cirrhosis, mild macrovesicular steatosis, and mild portal and lobular necroinflammatory activity with mild ballooning degeneration. (Tr. 27, 297). Claimant returned to Dr. Briggs on September 17, 2015. Claimant's liver biopsy showed cirrhosis from NASH, and Claimant also complained he was unable to tolerate heat, fatigued easily, and found it hard to concentrate for long periods of time. He was to undergo a CT of the abdomen and pelvis and was referred for transplant evaluation. (Tr. 27, 299-301). Claimant's CT showed mild hepatic steatosis, otherwise negative CT of the abdomen and pelvis. (Tr. 30, 302).

In October of 2015, Claimant underwent an upper GI endoscopy with Dr. Briggs. It showed gastroesophageal reflux disease (GERD). Claimant was told to return in one year. (Tr. 30, 303-05). He returned in November of 2016 and underwent another upper GI endoscopy, which revealed mild portal hypertensive gastropathy in the stomach, but was otherwise normal. (Tr. 30, 621-25).

Dr. Briggs then completed a physical medical source statement for Claimant in May of 2018. Claimant's diagnoses included NASH and cirrhosis, his symptoms included fatigue, and Dr. Briggs identified clinical findings and objective signs of liver biopsy

proven NASH/cirrhosis. When describing Claimant's treatment and any side effects, he stated there was no treatment except liver transplant. (Tr. 627). He determined Claimant could occasionally lift/carry fifty pounds, and rarely twist, stoop, balance, crouch, crawl, and climb. Claimant could frequently handle, finger, and feel, but would occasionally have limitations for reaching. Dr. Briggs indicated Claimant could sit and stand less than two hours with normal breaks in an eight-hour workday. Claimant would need to shift positions at will from sitting, standing, or walking. Claimant would not need to use an assistive device or elevate his legs. Although the ALJ did not specifically indicate that Claimant would need to take unscheduled breaks during an eight-hour workday, he noted symptoms as a cause for such breaks, including chronic fatigue and memory loss due to high ammonia levels. Dr. Briggs estimated Claimant's attention and concentration for simple work tasks would be off by 25%, his impairments would produce good days and bad days, and Claimant would miss work or have to leave early more than four days per month. (Tr. 628-29).

   The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003). He must provide specific, legitimate reasons for rejecting any such opinion, and also must give consideration to several factors in weighing a medical opinion. *Id*. Moreover, "an ALJ must give good reasons for

the weight assigned to a treating physician's opinion, that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004). "As long as the ALJ provides 'good reasons in his decision for the weight he gave to the . . . opinion[], [n]othing more [is] required[.]'" *Mounts v. Astrue*, 479 F. App'x 860, 865 (10th Cir. 2012), quoting *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

As noted herein, the ALJ discussed the treatment records from Dr. Briggs in the decision. She also addressed Dr. Briggs' opinions on the medical source statement. She assigned Dr. Briggs' opinion that Claimant could occasionally lift or carry up to twenty pounds "great weight," finding it was consistent with the medical evidence in the record. She referenced other evidence, including examinations when Claimant exhibited normal range of motion, normal muscle bulk and tone, and Claimant was noted to be capable of lifting light objects. The ALJ assigned "little weight" to the remainder of Dr. Briggs' opinions, noting: (1) their inconsistency with the record, (2) the opinions "appeared to be based on the [C]laimant's numerous physical complaints, which have been inconsistent with physical examination as documented herein[,]" and (3) Claimant was "capable of standing more than two hours out of an eight hour day as evidenced by records demonstrating he walks

8

'briskly,' has a normal tandem gait that is steady and symmetric, and can balance on one foot[.]" (Tr. 32-33).

Claimant contends that although the ALJ purported to assign "great weight" to Dr. Briggs' opinion that he could occasionally lift or carry up to twenty pounds, she rejected the remainder of Dr. Briggs' opinions, referring only to a select few medical findings while failing to explain why conflicting evidence did not result in greater limitations in Claimant's capacity for standing, sitting, walking, changing positions, reaching, and mental limitations. However, the ALJ found Dr. Briggs' opinions were inconsistent with the other evidence of record, specifically referencing the evidence by exhibit in her discussion. For example, the ALJ relied on evidence from Claimant's examination by Chris Sudduth, M.D., in January of 2017, his treatment by David Harris, M.D., in 2017-2018, and his treatment by Audie Swinney, M.D., from 2015 to 2018. (Tr. 31-32, 33). The ALJ discussed this evidence, as well as much of the evidence referenced by Claimant, in detail in her summary of the evidence. (Tr. 27-31).

As noted by Defendant, the ALJ is not required to summarize the evidence again when rejecting an opinion. *See Endriss v. Astrue*, 506 F. App'x 772, 775-76 (10th Cir. 2012) (finding ALJ's explanation was adequate when he previously summarized the pertinent evidence and then later cited to exhibits from that evidence to show the treating physician's opinion was inconsistent

9

with the objective medical evidence); *id*. at 777 ("The ALJ set forth a summary of the relevant objective medical evidence earlier in his decision and he is not required to continue to recite the same evidence again in rejecting Dr. Wright's opinion."). Here, the ALJ's explanation of the weight assigned to Dr. Briggs' opinions was adequate based upon her prior summary of the evidence.

Claimant also asserts the ALJ erred by accusing Dr. Briggs of relying on Claimant's complaints when determining his functional limitations. Although the ALJ mentions Dr. Briggs' opinions appear to be based upon Claimant's complaints, she then points out that these complaints are inconsistent with the physical examinations as explained in the decision. (Tr. 32). There is no error, as the ALJ again refers to physical examinations she previously discussed in the decision to show that Dr. Briggs' opinions (or Claimant's complaints) are inconsistent with these examinations.

Claimant further contends that even though he did not have a "lengthy" treatment relationship with Dr. Briggs, the ALJ should have considered that Dr. Briggs was a gastroenterology specialist. However, in her discussion of Dr. Briggs' treatment records, the ALJ specifically noted that Dr. Briggs was a gastroenterologist. (Tr. 27). In any event, an ALJ is not required to discuss all the relevant factors when evaluating a medical opinion. *See Endriss*, 506 F. App'x at 776 (noting "there is no authority 'requiring an ALJ's decision to apply expressly each of the six relevant factors

10

in deciding what weight to give a medical opinion.'"), quoting *Oldham*, 509 F.3d at 1258.

The ALJ considered the probative evidence of record and determined Claimant had the RFC to perform sedentary work with additional physical and mental limitations. (Tr. 25-26, 33). In reaching her step-five determination that Claimant was not disabled, the ALJ discussed the evidence of record, and she provided reasons for the weight assigned to Dr. Briggs' opinions. The Court will not re-weigh the evidence or substitute its judgment for that of the Commissioner. *See Casias*, 933 F.2d at 800; *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). There is no error in the ALJ's consideration of Dr. Briggs' opinions.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 4th day of December, 2020.

*[signature]*

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE